UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE h.WOOD GROUP, LLC, | * | CIVIL ACTION NO.: |
| | * | |
| Plaintiff, | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | |
| ALLISON & GLENN, INC., | * | MAGISTRATE: |
| d.b.a NICE GUYS NOLA, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, the h.wood Group, LLC, alleges the following facts and asserts the following claims for damages and injunctive relief.

### INTRODUCTION

1. This is an action for trademark infringement and dilution, unfair competition, and deceptive trade practices, arising under the Federal Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), the Louisiana Unfair Trade Practices and Consumer Protection Law, Louisiana Revised Statute 51:1401 *et seq.*, and the Louisiana trademark law, Louisiana Revised Statute 51:211 *et seq.*

2. Plaintiff h.wood Group is a Los-Angeles based hospitality and lifestyle company with a diversified portfolio of upscale nightlife and restaurant venues. The h.wood Group has used THE NICE GUY® Trademark since at least August 21, 2014, in connection with an upscale restaurant-lounge it operates in West Hollywood, California. This restaurant is well-known both within Los Angeles and nationally, having been prominently featured in national publications like

1

Page Six, Vogue, USA Today, the New York Times, and Harper's Bazaar. The h.wood Group is actively expanding its Nice Guy brand, with a new location opened in Dubai, UAE last year and another planned for Aspen, Colorado later this year.

3. The h.wood Group has recently learned that defendant Allison & Glenn, Inc., operates a restaurant in New Orleans, Louisiana under the branding Nice Guys NOLA. While Nice Guys NOLA is registered with the Louisiana Secretary of State as a tradename, it is not a registered trademark with the United States Patent and Trademark Office. Nice Guys NOLA advertises nationally through its publicly available interactive website (www.niceguysnola.com) as well as social media accounts and makes no effort to disclaim an association with the h.wood Group or its long established and duly registered Nice Guy brand.

4. By operating a competing restaurant under a materially indistinguishable name, and advertising this restaurant to a national customer base without any effort to disclaim an association with the h.wood Group's brand, the defendant has infringed upon and diluted the h.wood Group's duly registered and protected trademark, and has engaged in unfair competition in violation of federal and Louisiana law. To remedy these violations, the h.wood Group is entitled to damages and injunctive relief.

**PARTIES**

5. The h.wood Group is a California limited liability company with its principal place of business in Los Angeles, California. The company is a hospitality and lifestyle company with a diversified portfolio of upscale nightlife and restaurant venues, including The Nice Guy, Bootsy Bellows, Delilah, Harriet's, and Poppy, among others (https://hwoodgroup.com/venues/).

6. Allison & Glenn, Inc. ("Defendant" or "Nice Guys NOLA") is a Louisiana corporation operating a restaurant in New Orleans, Louisiana named Nice Guys NOLA. Upon information and belief, Defendant's principal place of business is in New Orleans, Louisiana.

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1338 and 1331. This Court has jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

8. This Court has personal jurisdiction over Defendant because Defendant conducted and continues to conduct business in the State of Louisiana and that business is what gives rise to the Plaintiff's claims. Specifically, the Defendant operates a restaurant in the State of Louisiana that infringes on Plaintiff's rights.

9. This District is a proper venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Defendant's operation of the restaurant at issue.

## FACTS APPLICABLE TO ALL CLAIMS

10. Founded in 2008, the h.wood Group has spent the last fifteen years developing an international portfolio of high-end, luxury nightlife and hospitality venues. The h.wood Group's current suite of venues includes eleven venues in Los Angeles, California, three others in additional cities across the country, two international venues in Dubai and Toronto, and six new locations planned in the near future. In addition to its restaurant and nightlife venues, the h.wood Group offers corporate branding, catering, and event production services both at high-end private events and at some of the world's most iconic cultural events including Coachella, F1, Cannes, and Art Basel. Protecting its recognized brands has been essential to the h.wood Group's success

over this period of expansion. And it remains essential to the Group's continued viability as it grows internationally. Thus, the h.wood Group has always duly registered its marks with the United States Patent and Trademark Office.

11. On August 21, 2014, the h.wood Group opened a private restaurant venue in West Hollywood branded the Nice Guy. This venue has operated continuously since that date. The Nice Guy is an intimate reservation-only restaurant and lounge that focuses on Italian food and craft cocktails. The h.wood Group advertises the Nice Guy nationally through its eponymous website (www.hwoodgroup.com/venue/the-nice-guy) through which customers can book individual reservations or schedule private parties.

12. The h.wood Group has held the registration for THE NICE GUY® Trademark since November 4, 2014 (Reg. No. 4634176). The registration covers restaurant, bar and cocktail lounge services.

13. Since opening, the Nice Guy brand's association with the h.wood Group has thoroughly crystallized. The restaurant is well-known both within Los Angeles and nationally, having been prominently featured in national publications like Page Six, Vogue, USA Today, the New York Times, and Harper's Bazaar. The h.wood Group has been consistently and actively promoting this brand, and it is an important piece of the organization's overall business.

14. In 2022, the h.wood Group learned that Defendant was operating a restaurant in New Orleans, Louisiana under the branding Nice Guys NOLA. Upon information and belief, the Nice Guys NOLA restaurant only recently opened in 2020. Defendant markets its restaurant as a creative, family-friendly location only "five minutes from Downtown" New Orleans. The Nice Guys NOLA brand is not registered with the United States Patent and Trademark Office and is advertised nationally through Defendant's website (www.niceguysnola.com) and across its social

media accounts. Through this national web advertising, Defendant potentially advertises its restaurant to the exact same customer base both in Los Angeles and nationally that has become familiar with Plaintiff's Nice Guy brand.

15. Even though Defendant's restaurant operates under a trade name that is materially indistinguishable from the h.wood Group's duly registered brand, it has taken no steps to inform the public that the two brands do not originate from the same source and are not affiliated with one another in any way whatsoever. Indeed, Defendant's advertisements, including its live, interactive website, make no mention of the h.wood Group's brand, much less make any effort to disclaim an association between the two.

16. Furthermore, Defendant's national advertising campaign makes it likely that the competing brands will be exposed to the same consumers seeking out the same or similar goods or services. Both brands operate in the restaurant and hospitality space. And both engage in unlimited, national advertising through their live, interactive websites and social media. There is nothing to prevent any patron of the Nice Guy-branded restaurant in Los Angeles from encountering advertisements for the Nice Guys NOLA restaurant while searching for information regarding Plaintiff's venue online. Indeed, when searching "The Nice Guy Restaurant" on Google, more often than not it is Defendant's website that is the first search return.

17. The fact that both Los Angeles and New Orleans are top tourist destinations also increases the likelihood that the same consumers will encounter both brands. Tourists from Los Angeles visit New Orleans annually. And tourists from around the globe regularly visit both cities. Thus, it is likely that individuals from Los Angeles will encounter Defendant's New Orleans restaurant and its offending brand when traveling to New Orleans. It is further likely that tourists from around the country and around the globe might encounter both restaurants on respective trips

to Los Angeles and New Orleans. There is simply no assurance that the same consumers are not encountering both brands.

18. By operating a restaurant using a trade name that is materially indistinguishable from Plaintiff's duly registered mark, and advertising that brand nationally through, among other things, an interactive website and social media, Defendant is leading the public to believe that its restaurant is licensed by, sponsored by, or otherwise affiliated with the h.wood Group, which is neither true nor appropriate.

19. Prior to filing this suit, the h.wood Group worked for months to try to resolve this issue with Defendant in a way that is fair and protects Plaintiff's duly registered mark. To that end, representatives of Plaintiff sent letters to Defendant in September 2022, December 2022, and April 2023, trying to resolve this issue. In response, Defendant has refused to stop its continuing infringement and dilution of Plaintiff's mark. Thus, the h.wood Group has no choice but to protect its business and its rights through this lawsuit.

## CLAIMS FOR RELIEF

### Count One – Federal Trademark Infringement

20. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1–19 as if those allegations were restated verbatim here.

21. By operating a restaurant in New Orleans, Louisiana under the name Nice Guys NOLA, Defendant is creating a likelihood of confusion between Defendant's trade name and the h.wood Group's duly registered trademark, constituting trademark infringement under the Lanham Act (15 U.S.C. § 1051, *et seq.*). Specifically, Defendant's use of "Nice Guys" is likely to lead the public to believe that its restaurant is licensed by, sponsored by, or otherwise affiliated with Plaintiff. Defendant's actions give the incorrect impression that Defendant's restaurant is the New

Orleans extension of Plaintiff's The Nice Guy restaurant. And in doing so, Defendant's conduct satisfies many of the "digits of confusion" the U.S. Court of Appeals for the Fifth Circuit has identified as indicating a likelihood of confusion and thus a violation of law. *See, e.g., Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658 (5th Cir. 2000) (noting that the following are relevant to the inquiry of whether a mark is being infringed: (1) type or strength of trademark; (2) similarity of design; (3) similarity of products; (4) identity of retail outlets and purchasers; (5) identity of advertising media utilized; (6) defendant's intent; and (7) actual confusion).

22. Specifically, Defendant is using a tradename that is materially identical to Plaintiff's duly registered mark—a mark that Plaintiff has continually used in commerce for nearly ten years and continues to use and expand in new markets—to offer competing services to the same customers using the same advertising forums and media. Defendant's tradename presents a textbook case of infringement.

23. Defendant's actions have caused and are likely to continue to cause substantial injury to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover actual damages, Defendant's profits, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, 1117, and 1118.

**Count Two – Federal Trademark Dilution**

24. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1–23 as if those allegations were restated verbatim here.

25. Plaintiff's mark is distinctive, strong, and famous and became so years before Defendant's activities described in this Complaint.

26. Defendant is making commercial use in commerce of a tradename materially indistinguishable from Plaintiff's duly registered mark, and Defendant's activities have caused and

are causing dilution of the distinctive quality of Plaintiff's mark. Defendant's conduct erodes the public's exclusive identification of this mark with Plaintiff.

27. Plaintiff is therefore entitled to injunctive relief, actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## Count Three – Federal Unfair Competition

28. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1–27 as if those allegations are fully restated here verbatim.

29. Defendant's tradename has caused and is likely to continue to cause confusion, deception, and mistake by creating the false impression that Defendant's restaurant is affiliated, connected to, or associated with Plaintiff's mark.

30. Defendants have made false representations, false descriptions, and false designations of origin in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

31. Defendant's conduct has caused, and is likely to continue to cause, substantial injury to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count Four – Louisiana State Trademark Dilution

32. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1–31 as if fully restated here verbatim.

33. Plaintiff's mark is distinctive, strong, and famous and became so years before Defendant's activities described in this Complaint.

34. Defendant is making commercial use in commerce of a tradename materially indistinguishable from Plaintiff's duly registered mark, and Defendant's activities have caused and are causing dilution of the distinctive quality of Plaintiff's mark. Defendant's conduct erodes the public's exclusive identification of this mark with Plaintiff.

35. Plaintiff is therefore entitled to injunctive relief, actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under Louisiana Revised Statute 51:223.1.

### Count Five – Louisiana State Unfair Trade Practices and Competition

36. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1–35 as if those allegations are fully restated here verbatim.

37. Defendant's tradename has caused and is likely to continue to cause confusion, deception, and mistake by creating the false impression that Defendant's restaurant is affiliated, connected to, or associated with Plaintiff's mark.

38. Defendants have made false representations, false descriptions, and false designations of origin in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

39. Defendant's conduct has caused, and is likely to continue to cause, substantial injury to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover actual damages, profits,

enhanced profits and damages, costs, and reasonable attorneys' fees under Louisiana Revised Statute 51:1405, 51:1407, and 51:1409.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

## PRAYER

**WHEREFORE**, Plaintiff prays that:

1. Defendant and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, be enjoined permanently from using Plaintiff's marks or any other copy, reproduction, approximation, or colorable imitation or simulation of Plaintiff's mark in connection with any restaurant, bar, nightlife, or hospitality services.

2. Defendant be compelled to account to Plaintiff for any and all profits derived by Defendant for products found to violate Plaintiff's rights, and to pay damages to Plaintiff for the acts that form the basis of this Complaint;

3. Based on Defendant's intentional use of Plaintiff's marks, Plaintiff be awarded enhanced profits and trebled damages;

4. Defendant be required to pay to Plaintiff the costs of this action and its reasonable attorney's fees;

5. Defendant be required to pay prejudgment and post judgment interest on any monetary award; and

6. Plaintiff be awarded such other and further relief as the Court may deem just.

Dated: June 1, 2023

                                          Respectfully submitted,

                                          */s/ Shaun P. McFall*
Shaun P. McFall, 37225, T.A.
Kansas M. Guidry, 39203
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: 504-589-9700
Facsimile: 504-589-9701
smcfall@barrassousdin.com
kguidry@barrassousdin.com

*Attorneys for the h.wood Group*

11