UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| H. WOOD GROUP, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1830 |
| ALLISON & GLENN, INC. | * | SECTION "P" (2) |

## ORDER AND REASONS

Pending before me are Plaintiff H. Wood Group, LLC's Motion to Compel Responses and Production and Motion to Deem Facts Admitted. ECF No. 22, 23. Defendants timely filed a response. ECF No. 25. Plaintiff filed Reply Memoranda. ECF Nos. 26, 27. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary. Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel Responses and Production is GRANTED IN PART AND DENIED IN PART AS MOOT and its Motion to Compel and Deem Facts Admitted is DENIED AS MOOT for the reasons stated herein.

Plaintiff filed this Lanham Act case alleging that it has used THE NICE GUY® trademark since at least August 21, 2014, in connection with an upscale restaurant-lounge in West Hollywood, California, and asserting that Defendant's operation of a restaurant named Nice Guys NOLA infringes upon and dilutes its trademark. ECF No. 1. Plaintiff issued written discovery on February 12, 2024. When Defendant failed to answer the discovery requests, Plaintiff filed these motions. In response, Defendants indicated that it has admitted the single Request for Admission and provided written responses, with a promise to produce responsive documents. ECF No. 25. In Reply, Plaintiff agrees that the motions are moot to the extent they compel responses, but that the motion to compel is not moot to the extent it seeks production of responsive documents. ECF Nos. 26, 27.

1

In addition to the requirement for written responses, Rule 34 makes clear that the requested production must either "be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." FED. R. CIV. P. 34(b)(2)(B). Although Defendant has agreed to produce responsive documents, it does not appear to have either produced them by the time specified in the request nor specified a reasonable time for that production in its response, as required.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel Responses and Production (ECF No. 22) is GRANTED IN PART AND DENIED IN PART AS MOOT. Defendant is ordered to deliver responsive documents on or before June 20, 2024.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel and Deem Facts Admitted (ECF No. 23) is DENIED AS MOOT.

New Orleans, Louisiana, this __30th__ day of May, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE